EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

CRIMINAL ACTION NO. 3:09-CR-37-KSF

UNITED STATES OF AMERICA                                                                PLAINTIFF

vs.                                        **OPINION AND ORDER**

THOMAS E. COWAN, JR.                                                                    DEFENDANT

This matter is before the Court on the motions of Defendant Thomas E. Cowan, Jr. ("Cowan") to dismiss Count I of the indictment [DE 22] and for a bill of particulars [DE 23]. For the reasons discussed below, the motions will be denied.

I.    BACKGROUND

Count I of Cowan's March 17, 2009 indictment charges him with willfully attempting to evade and defeat the payment of taxes due to the United States for the 1993, 1994, 1995, 1996, and 1997 tax years. Counts II through IV charge failure to make an income tax return for the years 2002, 2003, and 2004. Cowan moves to dismiss Count I as time barred by the statute of limitations and as duplicitous [DE 22]. He filed tax returns for the years 1993 through 1996 in February 1998 and argues that, as a result, the government must show an affirmative act of evasion occurring after March 16, 2003 but before February 25, 2004. He says he was audited in 2000-2001 regarding the years 1998-2000 and was routinely audited on other occasions. He paid taxes for 1998-2000 in 2001 and claims he cooperated with the IRS in 2006 to provide bank records voluntarily. Under these circumstances, Cowan claims that the government's charge of a continuing scheme is rebutted, and its assertion of affirmative acts of evasion is undermined. Accordingly, he argues Count I is duplicitous. He further claims the government cannot show any affirmative act of evasion occurring before the limitations period expired, so that Count I should be dismissed.

Cowan also moves for a bill of particulars on the ground that the timing of the affirmative acts affects the limitations period, making the dates of the acts important. He further claims the government should demonstrate prior to trial the affirmative nature of the alleged acts. [DE 23].

The United States argues that the use of a single count to cover several years of tax evasion is proper, and not duplicitous, when there is a consistent, long-term pattern of conduct directed at the evasion of taxes for the years charged. It describes contacts by the IRS in 1998 regarding Cowan's failure to file returns from 1993 through 1996, the filing of those returns, subsequent notices of tax liens for those years, an interview later in 1998 by an IRS special agent, and another meeting with an agent in 1999 regarding unfiled returns in 1997 and 1998 [DE 29, p.3]. A series of affirmative acts during 2001 through 2004 are detailed, including the diversion of checks into the checking accounts of family members, cashing checks that had the appearance of income, depositing income into a law firm trust account, and using funds from the trust account for personal purchases. *Id. at 3-5.* In 2006, Cowan allegedly made material misstatements to an IRS special agent regarding earnings from his law practice. The documents associated with these alleged affirmative acts were all provided to Cowan before the present motions were filed. Accordingly, the United States argues the motion to dismiss should be denied. [DE 29].

The United States further states that the motion for a bill of particulars should be denied on the ground that the indictment is sufficiently specific to apprise Cowan of the nature of the charges against him, to avoid unfair surprise at trial, and to enable him to assert double jeopardy if he is later charged with the same crime. Additionally, the United States claims it has provided full discovery to Cowan, thereby obviating the need for a bill of particulars. [DE 29, pp. 9-12].

## II. ANALYSIS

### A. Defendant's Motion to Dismiss Indictment

#### 1. Count I Is Not Time Barred

Cowan's argument that the "government must show an affirmative act of evasion occurring sometime after March 16, 2003 but before February 25, 2004" appears to be based on the fact that he filed tax returns for 1993 and 1996 on February 25, 1998.[1] [DE 22, p. 1]. Six years after the date of filing would be February 25, 2004. If the charge in Count I had been filing of a false return, the date of filing may be relevant to the statute of limitations. *See United States vv. Harris*, 117 F.3d 1421 (Table), 1997 WL 369439 at *3 (6th Cir. 1997).

Count I, however, charges a willful attempt to evade and defeat payment of taxes. In *United States v. Dandy*, 998 F.2d 1344 (6th Cir. 1993), the court expressly rejected an argument that the period of limitations began when the tax returns were filed and held, instead, that "it is the date of the latest affirmative act of evasion that triggers the statute of limitations." *Id.* at 1355. The court reasoned that "to hold otherwise would only reward a defendant for successfully evading discovery of his tax fraud for a period of six years subsequent to the date the returns were filed." *Id. See also United States v. Butler*, 297 F.3d 505, 511 (6th Cir. 2002) ("We have held that the statute of limitations begins to run for tax evasion under 26 U.S.C. § 7201 on the date of 'the last affirmative act of evasion.'"); *United States v. Thompson*, 518 F.3d 832, 856 (10th Cir. 2008) and cases cited therein ("In light of the fact that evasive acts following the filing of a return may be considered part of the offense, ... 'it is the date of the latest act of evasion, not the due date of the taxes, that triggers the statute of limitations.'").

Counting back from the March 17, 2009 date of the indictment, the United States needs to show only one affirmative act of evasion after March 16, 2003 to extend the limitations period to

---

[1] Cowan filed his return for the tax year 1997 on August 30, 2001. [DE 22, pp. 1-2]. He does not appear to claim that limitations would bar the present action for that year. To the extent he may intend to make such an argument, the same analysis would apply.

3

the date of the indictment. *United States v. McGill*, 964 F.2d 222, 229 (3rd Cir. 1992) ("One act will suffice."). The United States says it can show that Cowan diverted apparent income checks to bank accounts of family members in 2002, 2003 and 2004; cashed apparent income checks in 2003 and 2004; deposited earned income into his law firm trust account and made personal payments from that account in 2001, 2002, 2003 and 2004; and set up nominee businesses to hold ownership interest in assets purchased from the law firm trust account in 2001, 2002, 2003 and 2004. [DE 29, pp. 3-5]. Additionally, Cowan made material misstatements in 2006 to an IRS special agent regarding the disposition of earnings from his law practice. *Id.* at 5.

In *Spies v. United States*, 317 U.S. 492 (1943), the court illustrated willful attempts to defeat and evade taxes as follows:

> [W]e would think affirmative willful attempt may be inferred from conduct such as keeping a double set of books, making false entries of alternations, or false invoices or documents, destruction of books or records, concealment of assets or covering up sources of income, handling of one's affairs to avoid making the records usual in transactions of the kind, and any conduct, the likely effect of which would be to mislead or to conceal.

*Id.* at 499. Cowan's conduct fits comfortably within this framework. *See also McGill,* 964 F.2d at 230 ("Affirmative acts of evasion of *payment* include: placing assets in the name of others; dealing in currency; causing receipts to be paid through and in the name of others; and causing debts to be paid through and in the name of others.").

In *United States v. Hook*, 781 F.2d 1166 (6th Cir. 1986), the court affirmed a conviction for feloniously attempting to evade the payment of income taxes, holding that concealment of assets alone can constitute an affirmative act to evade payment. *Id.* at 1169-70. Hook cashed checks, used cash for much of his business, used the credit cards of others, and bought a house in his girlfriend's name. *Id.* at 1168. Similarly, in *United States v. Conley*, 826 F.2d 551 (7th Cir. 1987), the defendant transferred away title to his house, used his son's name on a bank account opened for his personal use, used cash for expense payments, and used his Client Fund account for personal transactions. *Id.* at 556-57. Likewise, in *United States v. Weisberg*, 2006 WL 38943

4

(N.D. Ohio 2006), the attorney defendant "deposited and maintained personal funds in his client trust account to conceal from the IRS the nature, extend and location of his assets." *Id.* at *5. *See also United States v. Weisberg*, 2008 WL 4646916 (6th Cir. 2008) ("Weisberg successfully evaded collection from 1997 through 2002 by depositing personal funds in his client trust account (IOLTA account). By using his IOLTA account to pay personal expenses, defendant's expenditures went unnoticed by the IRS."). *Id.* at *1. The present case is readily distinguishable from *McGill*, where the evidence showed no deposits of personal funds into the client account after a particular date that was crucial in that case. *McGill*, 964 F.2d at 235.

Cowan says he filed returns for the years 1993-1996 in 1998. [DE 22, p. 1]. He does not claim that he ever made full payment of the taxes due in any of those years. To the contrary, in April and June of 1998, the United States filed notices of federal tax liens for the years 1993-1996. [DE 29, p. 3]. "Evasion of payment cases are rare, and the required affirmative act generally occurs after the filing, if there is a filing at all. *United States v. Mal,* 942 F.2d 682, 687 (9th Cir. 1991) (evasion of payment 'involves conduct designed to place assets beyond the government's reach *after* a tax liability has been assessed') (emphasis added)." *United States v. McGill*, 964 F.2d 222, 230 (3rd Cir. 1992). "'[A]ny conduct, the likely effect of which would be to mislead or to conceal' is sufficient to establish an affirmative act of evasion." *Id.* at 230, quoting *Spies,* 317 U.S. at 499.

In the present case, the United States charges a continuing course of conduct by Cowan "beginning on or about April 15, 1994, and continuing until on or about the date of this indictment" involving a willful "attempt to evade and defeat the payment of a large part of the income and self employment taxes, penalties and interest due to the United States for the 1993, 1994, 1995, 1996, and 1997 tax years...." [DE 11, p. 2]. It is the government's position that Cowan used this continuing scheme to hide his assets and, thereby, evade payment of taxes due from earlier years. [DE 29, p. 6]. *See Weisberg*, 2006 WL 389843 at *5. As there is evidence in the present case of

5

Case 3:09-cr-00037-KSF   Document 30   Filed 08/24/09   Page 5 of 9   PageID #: 82

a continuing course of conduct and affirmative acts of evasion of payment within the limitations period, the charge in Court I for the years 1993-1997 is not time barred.

2. Count I Is Not Duplicitous

Cowan argues Count I of the indictment is duplicitous because the government has combined multiple years of tax evasion into a single count. He admits that *United States v. Shorter*, 809 F.2d 54 (D.C. Cir. 1987), *abrogated on other grounds by Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993)*,* upheld charging multiples years of evasion in a single count, but he claims his situation is distinguishable because "the government cannot demonstrate that all of the elements of tax evasion are present and continued by the defendant over the entire period." [DE 22, pp. 2-3]. Cowan argues that an interruption of the pattern in the form of his 2001 payment for tax years 1998, 1999 and 2000 refutes the claim of a continuing scheme.

"A duplicitous indictment is one that charges separate offenses in a single count. The overall vice of duplicity is that the jury cannot in a general verdict render its finding on each offense, making it difficult to determine whether a conviction rests on only one of the offenses or on both." *United States v. Dedman*, 527 F.3d 577, 600, n. 10 (6th Cir. 2008). In determining whether an indictment should be dismissed as duplicitous, the court measures the indictment against the purposes of the prohibition against duplicity. "These purposes include generally: (1) the prevention of double jeopardy, (2) an assurance of adequate notice to the defendant, (3) the provision of a basis for appropriate sentencing, and (4) the danger that a conviction was produced by a verdict that may not have been unanimous as to any one of the crimes charged." *United States v. Shorter*, 809 F.2d 54, 58, n. 1 (D.C. Cir. 1987).

In the present case, Cowan is charged with only one offense, tax evasion, based upon his attempt to evade payment of his tax liabilities for the tax years 1993-1997. The indictment and discovery show that, at least from 2001 through 2004, Cowan willfully committed several affirmative acts to conceal his assets and evade payment of his taxes due for 1993-1997. One affirmative act

is sufficient. The indictment and discovery provide more than adequate notice of the charge. Each date and document has been provided. Cowan has a double jeopardy claim for evasion of payment for each of these tax years, and any potential danger regarding a unanimous verdict may be avoided by appropriate instructions tendered by the parties.

*Shorter* involved a single count for evading payment of taxes for twelve years from 1972 through 1983. *Shorter*, 809 F.2d at 57. The court agreed that "tax evasion covering several years may be charged in a single count as a course of conduct in circumstances such as those here where the underlying basis of the indictment is an allegedly consistent, long-term pattern of conduct directed at the evasion of taxes for these years." *Id.* at 56. In *United States v. Kamalu*, 298 Fed. Appx. 251 (4th Cir. 2008), a CPA caused numerous clients to falsely report itemized deductions for mileage expenses. The appellate court affirmed his conviction of one count of filing "hundreds of false federal income tax returns" as part of a continuing course of conduct. *Id.* at 252. The court also noted that Kamalu benefitted from the aggregation because "each discrete count would have been amenable to a separate sentence upon conviction." *Id.* at 254-5. In *United States v. Miller*, 2006 WL 1932715 (N. D. Tex. 2006), the defendant willfully evaded payment for the years 1993-1997 by withdrawing funds from his IRA and sequestering them outside the United States and by submitting an Offer in Compromise Form representing that he was unable to pay the tax liabilities due. The court held the indictment charged a single scheme and was not duplicitous.

Cowan's argument that there can be no continuing scheme or continuing course of conduct to evade payment of taxes when there is an interruption, such as payment for an intervening tax year, is not supported by authority or logic. Under his theory, a person would have to evade payment of taxes every single year for a continuing scheme to exist. Cowan cannot point to any such requirement. The continuity is in evading payment for *the tax years charged*. The scheme charged was evading payment for tax years 1993-1997, and it continued until the date of the indictment. The fact the scheme excluded other tax years, which were not charged, does not

7

defeat continuity for the years in issue. Additionally, as noted by the United States, the sufficiency of the government's evidence is not a matter for pretrial determination. Whether there is sufficient evidence to support a conviction is a question for the jury to decide.

### B. Defendant's Motion for Bill of Particulars

Cowan's motion for a bill of particulars is to determine "the timing of the [affirmative] acts," to "establish the appropriate limitations period," and to determine "the government's ability to demonstrate pretrial the affirmative nature of the alleged acts." [DE 23, p. 1].

> The purposes of a bill of particulars are to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague and indefinite for such purposes.

*United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976). "A bill of particulars 'is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial.'" *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004), quoting *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993). "Clearly a bill of particulars is not to be used as a general discovery device. If there has been full disclosure by the Government, ... the need for a bill of particulars is obviated." *United States v. Martin*, 1987 WL 38036 at *3 (6th Cir. 1987), citations omitted. The *Martin* court affirmed denial of the bill of particulars in light of the government's full disclosure and the sufficiency of the indictment. *Id.*

In the present case, the United States provided a computer disk and hard copies of documents supporting its claims of overt acts. [DE 29, pp 4-5, 11-12]. Additionally, the United States provided a memorandum of interview memorializing the Defendant's alleged material misstatements to an IRS special agent, and the United States and the lead IRS agent met personally with defense counsel to answer questions about discovery materials and the case. *Id.* at 5, n. 3; 11]. Moreover, the indictment is quite specific in describing the one charge of evasion, listing the five tax years for that charge, and describing the overt acts. It also lists each specific

8

year for which he failed to make an income tax return and his gross income for that year. Defendant has enough information to inform him of the charges against him, protect him from double jeopardy, and enable him to prepare for trial. Defendant's motion for a bill of particulars is not well taken and shall be denied.

### III. CONCLUSION

**IT IS ORDERED** that Defendant's motion to dismiss Count I of the indictment [DE 22] and motion for a bill of particulars [DE 23] are **DENIED**.

This August 24, 2009.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge